YORK.

A warrant was duly issued and served for a meeting for the choice of three represent-
  atives.—Afterwards a second warrant was issued for a meeting, on the same day,
  for the choice of a fourth, of which less notice was given than was usual in the
  town.—Four representatives were chosen at successive ballotings.—It was held, that
  there was no legal notice of the second warrant, and that the election of the person
  last chosen was void.
Where a town has passed no vote particularly specifying the manner in which meet-
  ings shall be notified, the notice of a meeting is to be given according to usage.

THE election of Elihu Bragdon, Joseph Bradbury, Josiah
Bragdon, and Peter Weare, members returned from the town
of York, (and who were chosen at two different meetings, held
on the same day,) was controverted by Isaac Lyman and
others, on the following grounds, stated in their petition,
namely[1] :—

1. Because the selectmen, contrary to the usage in said
town, notified the inhabitants thereof, in their warrant for the
first meeting, to assemble and choose " three " representatives,
thereby depriving the inhabitants of the privilege of deciding
upon the number.

2. Because the selectmen, in their warrant for the second
meeting, notified the inhabitants to meet for the choice of
" one additional representative ; " and did not give that notice
thereof, which law and usage required ;

3. Because the said town did not contain the requisite
number of ratable polls, to entitle it to four representatives.

The petition was accompanied by depositions and other
documents, upon which the committee on elections reported
as follows :—

" They find that the selectmen of York issued their warrant
in due form, directed to a constable, to notify the qualified
voters in said town to meet for the choice of three represent-
atives to represent said town in the general court the present
year ; pursuant to which warrant, the said constable gave said
inhabitants legal notice ; that afterwards, on the 25th day of

[1] 33 J. H. 32.

April last past, the said selectmen issued another warrant, directed to a constable as aforesaid, to warn the qualified voters of said town to meet for the choice of another representative. The committee further find, that in pursuance of said warrants, the inhabitants did meet on the 6th day of May last past, and voted to send four representatives. On the first balloting, it appeared that Elihu Bragdon was chosen; on the second, Joseph Bradbury; on the third, Josiah Bragdon; on the fourth, Peter Weare. It further appears to the committee, that the town of York contains a sufficient number of ratable polls to entitle the same to three representatives, and it does not appear but that there is a sufficient number to entitle them to four representatives. But the committee further find, that the warning given to said inhabitants, on the second warrant, was not such as is usual in said town, and, in their opinion, not legal. Wherefore the committee unanimously report, that the said supposed election of the said Peter Weare was utterly void, and of no effect; and that he is not entitled to a seat in this house, but that his seat therein should be declared vacated."

This report was made on the ninth of June, and was agreed to on the same day.[1]

NOTE. The principle, on which the house proceeded in this case, is to be found in the statute of 1785, c. 75, § 5, by which it is enacted, 'that when there shall be occasion of a town meeting, the constable or constables, or such other person as shall be appointed for the purpose, by warrant from the selectmen, or the major part of them, shall summon and notify the inhabitants of such town to assemble at such time and place, in the same town, as the selectmen shall order, the manner of summoning the inhabitants to be such as the town shall agree upon;' 'and no matter or thing shall be acted upon in such a manner as to have any legal operation whatever, unless the subject matter thereof be inserted in the warrant for calling the meeting.'

Under this statute, two practices have prevailed. Where a

[1] 33 J. H. 146.

particular method of notifying town meetings had obtained by long usage, towns, after the passing of this statute, voted, that their meetings should in future be notified as heretofore; without describing the method which had heretofore been pursued. Other towns passed votes, particularly specifying the manner in which their meetings should be notified. And it is believed, that there are instances, where towns have passed no vote on the subject, but notify their meeting, according to ancient usuage only. Perhaps this is an implied agreement, in what manner meetings shall be notified.

In the case above, the warning of the second meeting was conformable to neither of these methods.

It has sometimes been made a question, (though no such case is known to have come before the house,) whether, under a warrant to choose 'a representative,' a town can legally elect two representatives: Whether 'the subject matter' is substantially 'inserted in the warrant,' so as to authorize the election of more than one. It is apprehended that the above case is decisive of this question, unless there be a distinction between choosing two representatives under a warrant to choose a 'representative,' and choosing four representatives, under a warrant to choose three; which distinction, if it exist, is not perceived.[1]

[1] See case of *Harvard*, 1806–7, ante, p. 59.     [2] 33 J. H. 11.